USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: \_\_8/22/22\_\_\_\_

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**PRESTIGE BREAD COMPANY OF JERSEY CITY, INC.**, *doing business as Hudson Bread*,

      **Petitioner,**

-against-

**OTG MANAGEMENT, LLC,**

      **Respondent.**

---

**21-CV-04670 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

  Petitioner Prestige Bread Company of Jersey City, Inc. d/b/a Hudson Bread ("Hudson") brings this action to confirm an arbitration award issued in its favor and against Respondent OTG Management, LLC ("OTG") on April 9, 2021 ("Award"). Respondent has filed a cross-motion to dismiss Hudson's petition and to vacate the Award. Petitioner's motion to confirm is GRANTED and Respondent's cross-motion to vacated is DENIED.

## BACKGROUND

  Hudson is a corporation engaged in the business of preparing, distributing, and selling bakery products. OTG owns and operates restaurants and concessions in airport terminals throughout the United States.

  On June 5, 2018, the parties entered into an agreement for the purchase and sale of Petitioner's products. The agreement required OTG to pay Hudson's invoices "within thirty (30) days of receipt of each invoice." Agreement, Pet. Ex. 1 at 3, ECF No. 1-1. The agreement included a provision by which the parties agreed to arbitrate disputes arising out of the agreement. The

agreement also included a Growth Incentive Rebate ("Rebate") provision by which Hudson would pay OTG if OTG's invoices were paid and exceeded $1 million annually from December 1 to November 30. The agreement was for a one-year term beginning on June 5, 2018 and automatically extending for additional one-year periods.

As of January 2020, OTG had accrued outstanding amounts due to Hudson on invoices dating back to March 2019. On May 21, 2020, Hudson communicated to OTG that it would not proceed with new orders unless OTG remitted payment for the overdue balance. Subsequently, OTG terminated the agreement.

On August 18, 2020, Hudson initiated arbitration proceedings against OTG regarding OTG's outstanding payments. Hudson initially sought $326,336.58, with interest and attorneys' fees, and updated the requested amount to $351,274.43 after discovery. This amount included an adjusted $322,553.31 in unpaid invoices and a Rebate payment that Hudson made to OTG and which Hudson requested OTG disgorge. OTG represented that it only owed Hudson $306,834.15 and that OTG was owed a Rebate from Hudson in the amount of $84,012.47. OTG also argued that all payments due after January 2020 were excused due to the COVID-19 pandemic.

On April 9, 2021, the arbitrator ruled in favor of Hudson and awarded $345,856.90, which included $322,553.51 for Hudson's claim for payment and pre-award interest at a rate of 9 percent. The arbitrator also awarded post-award interest.

## STANDARD OF LAW

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*,

462 F.3d 95, 110 (2d Cir. 2006) (citations and internal quotation marks omitted). Judicial review of arbitration awards is "severely limited, so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71–72 (2d Cir. 2012) (citations and internal quotation marks omitted). The reviewing court owes "strong deference" to "arbitral awards and the arbitral process," *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007), and so a party seeking to vacate an arbitration award "must clear a high hurdle," *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "It is not enough for petitioners to show that the panel committed an error—or even a serious error." *Stolt-Nielsen S.A.*, 559 U.S. at 671. Indeed, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, only allows for vacatur of the arbitral award in four circumstances: (1) the arbitral award "was procured by corruption, fraud, or undue means;" (2) "there was evident partiality or corruption in the arbitrators;" (3) "the arbitrators were guilty of misconduct . . . by which the rights of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

"The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case'." *D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citations omitted). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* (internal quotation marks and citations omitted). "A party moving to vacate an

arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *Id.* (internal quotation marks and citations omitted).

## DISCUSSION

First, OTG contends that the arbitrator erred in rejecting the application of the force majeure clause.[1] In finding that OTG's "obligation to pay . . . is not excused by the Agreement's Force Majeure clause," the arbitrator determined that "[c]onclusory assertions . . . of purported inability to pay are not evidence; nor need such assertions be accepted by the Arbitrator if inferences to the contrary can be reasonable be drawn from other evidence before him." *See* Award at 1, ECF No. 21. Thus, the Arbitrator held that OTG did not offer sufficient evidence to show that the force majeure clause applied and excused performance. The Award also states that "Respondent 'has not established as a matter of law that its failure to meet [its obligation to pay] was an unavoidable result' of the Covid-19 'national pandemic.'" *Id.* (quoting *Constellation Energy Servs. of N.Y., Inc. v. New Water St. Corp.*, 46 N.Y.S.3d 25, 27 (1st Dep't 2017)). OTG argues that the arbitrator "manifestly disregarded" or changed the force majeure clause because the arbitrator did not

---

[1] The force majeure provision in the agreement provides as follows:

> Neither party shall be liable for any delay in performance or nonperformance or any resulting loss therefrom if delayed or prevented or caused by fire, flood, storm, earthquake, or other act of God, war, acts of enemies, national emergency, rebellion, riot, strikes, lockouts or other labor disturbances.

Agreement at 5.

acknowledge that the force majeure clause covered a delay in performance in addition to nonperformance and because the arbitrator added a term, "unavoidable result," to the clause. OTG also argues that, contrary to the Arbitrator's determination, the evidence OTG presented in support of its force majeure argument was not conclusory.

The Court is not persuaded. "[T]he Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award." *Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004) (internal citation and quotation marks omitted). Rather, it "recognize[s] only the doctrine of manifest disregard of the law." *Id*; *see also Westerbeke Corp. v. Daihatsu Motor Co.*, Ltd., 304 F.3d 200, 216, n.10 (2d Cir. 2002) (stating that the Court would confirm the arbitration award even if the Court had "serious reservations about the soundness of the arbitrator's reading" of a contractual provision). "Whether the arbitrators misconstrued a contract is not open to judicial review." *Benihana Inc. v. Benihana of Tokyo, LLC*, No. 18 CIV. 7506 (PAE), 2019 WL 251729, at *6 (S.D.N.Y. Jan. 17, 2019) (quoting *Bernhardt v. Polygraphic Co. of Am.*, 350 U.S. 198, 203 n.4 (1956)). Accordingly, OTG has provided no basis for vacatur of the Award.

Second, OTG also argues that the arbitrator "manifestly disregarded" the Rebate provision by denying OTG's claim for a Rebate payment for the contract term from December 1, 2018 through November 30, 2019. OTG contends that the language of the agreement does not make timely invoice payments a condition for Rebate payment. Rather, according to OTG, OTG is owed a Rebate payment as long as its purchases exceed $1 million in a contract year and OTG ultimately pays the invoices for those purchases, but those payments need not be made in the contract year. Hudson argues that the Rebate only applies if OTG timely pays its invoices.

Last, OTG argues that the arbitrator "manifestly disregarded" or changed the contract provisions when awarding pre-award interest and post-award interest. OTG points to the arbitration provision in the agreement which states that "the arbitrator will have no authority to award . . . damages not measured by the prevailing party's actual damages" and argues that an award of interest is not measured by Hudson's actual damages. Agreement at 8.

Putting aside the merits of these two arguments, the Court denies OTG's request to reverse the arbitral award on these bases. Like its force majeure argument, these arguments assert that the arbitrator erred in his interpretation of the contract. As above, alleged misinterpretation of the agreement does not support vacatur.

Accordingly, the Court denies OTG's request for vacatur and grants Hudson's request for confirmation of the Award.

## I.  Request to Seal

The Court denies Hudson's request to seal the Award. Hudson requests that the Award be filed under seal because the agreement's arbitration provision included a confidentiality agreement. ECF No. 6. Hudson concedes that "the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access." *Bowling v. Johnson & Johnson*, No. 17-CIV-3982 (AJN), 2019 WL 1760162, at *8 (S.D.N.Y. Apr. 22, 2019). Sealing requests may be granted if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)(internal citation and quotation marks omitted). As the parties have not articulated specific grounds that justify the sealing of the Award, the Court denies the sealing request.

## CONCLUSION

The parties shall file the Award on the docket within one week of the date of this order. For the reasons set forth above, Petitioner's motion to confirm the Award is granted and Respondent's motion to vacate the Award is denied. The Clerk of Court is directed to (i) award judgment in favor of Petitioner and against Respondent in the amount of $345,856.90 pursuant to the arbitration award (ii) with interest to accrue at the statutory rate of 9 percent per annum from June 8, 2021 (60 days after the issuance of the Award) until the date judgment is entered and (iii) post-judgment interest at the statutory rate of 9 percent per annum. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

**Dated: August 22, 2022**
   **New York, New York**                                  ANDREW L. CARTER, JR.
                                                           **United States District Judge**